IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41377
Summary Calendar
_____

THERMAN LEE HARRIS

      Plaintiff - Appellant

  v.

GARY L JOHNSON, Director, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; TIMOTHY WEST, Warden, Mark W Stiles Unit;
GARLAND FLAKES, Assistant Warden, Mark W Stiles Unit; CHRISTOPHER
NWENE, Guard, Mark W Stiles Unit; LARRY BOTTOM, Guard, Mark W
Stiles Unit; KEVIN POWELL, Sergeant, Mark W Stiles Unit; FELECIA
DAVIS SMITH, Guard, Mark W Stiles Unit; KIMBERLY RHINEHART,
Guard, Mark W Stiles Unit; NORMAN WARD, Guard, Mark W Stiles
Unit; CLINTON ROBINSON, Guard, Mark W Stiles Unit; ADAM
CARMOUCHE, Guard, Mark W Stiles Unit; JAMES MITCHELL, Guard,
Mark W Stiles Unit; GARY GOMEZ, Board Member of region three;
JEANNE BELLANGER,individual capacity; RUSSELL MCDONALD,
individual capacity; STEVE SWIFT, individual capacity; RICKY
TARVER, individual capacity; BELLA LEBLANC, individual capacity;
CARL PLOCK, individual capacity; LLYN REYNOLDS, individual
capacity,

      Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:97-CV-263
--------------------
November 21, 2002

Before KING, Chief Judge, and BARKSDALE and STEWART, Circuit
Judges.

PER CURIAM:[*]

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Therman Lee Harris, Texas prisoner number 534500, appeals the magistrate judge's denial of relief in this 42 U.S.C. § 1983 civil rights suit. Harris has also filed motions with this court seeking authorization to file a supplemental brief and for injunctive relief. Harris' motion seeking authorization to file a supplemental brief is GRANTED, and his motion seeking injunctive relief is DENIED.

Harris argues that the magistrate judge abused his discretion in denying Harris' repeated motions seeking the appointment of counsel. Harris has not shown that the magistrate judge abused his discretion in denying these motions, as Harris has not shown that his is the exceptional civil rights case in which the appointment of counsel is warranted. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

Harris challenges the magistrate judge's dismissal of his failure to investigate claim as frivolous and for failure to state a claim. Harris has not shown that the magistrate judge erred in dismissing this claim, as his arguments on this issue do not present a viable claim under 42 U.S.C. § 1983. See Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986).

Harris likewise challenges the dismissal of his claim of deliberate indifference to medical needs on the defendants' motion for summary judgment. Harris has not shown that the magistrate judge erred in granting the defendants' motion for summary judgment, as his assertions regarding this claim amount

to an allegation that he received improper or negligent care, which is insufficient to show a claim of deliberate indifference to medical needs. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Harris argues that the magistrate judge misconstrued his complaint in determining that he had raised a claim of malicious prosecution. Because this issue is raised for the first time in this appeal, we will not consider it. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Harris also contends that the magistrate judge erred in denying his motion for a continuance, in denying his motion in limine and granting the defendants' motion in limine, in declining to strike certain defense remarks from the record, in not sanctioning defense counsel, in answering a question from the jury, and in advising Harris regarding punitive damages. Harris has not shown reversible error in connection with any of these alleged errors. The judgment of the lower court is

AFFIRMED.